IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **THE BANK OF NEW YORK MELLON,** *formally known as* The Bank of New York, as Trustee For The Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-19, its Successors and/or Assigns | § § § § § § | |
| **v.** | § § | NO. 1:12-CV-483 |
| **LAWRENCE J. INGRAM,** *and/or* all occupants of 7729 Pecan Drive, Beaumont, TX 77713 | § § § | |

### ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On October 5, 2012, *pro se* Defendant Lawrence J. Ingram ("Ingram") removed this forcible detainer action from the Justice Court of Jefferson County, Texas, Precinct 1, Place 1. When doing so, Ingram also filed an application to proceed *in forma pauperis*. (Doc. No. 2.) The Court referred the case to the Honorable Keith F. Giblin, United States Magistrate Judge, pursuant to General Order 05-07. Thereafter, the case was transferred the Honorable Zack Hawthorn, United States Magistrate Judge for pretrial management. (Doc. No. 8.)

On October 19, 2012, Judge Hawthorn entered an order directing Ingram to file within seven days a new, fully completed *in forma pauperis* application along with an explanation for discrepancies that Judge Hawthorn found between Ingram's current *in forma pauperis* application and an application filed in a prior, related case. (Doc. No. 9.) On November 2, 2012, Judge Hawthorn filed his report (Doc. No. 11) recommending that the Court deny Ingram's application to proceed *in forma pauperis* because Ingram had failed to file a new application and explanation within seven days as ordered. On November 8, 2012, Ingram filed a new application to proceed

*in forma pauperis* (Doc. No. 14), stating that he has a monthly income of $1,790.00; however, Ingram still did not explain, as ordered by the magistrate judge, why he did not include this income in his original application. On November 26, 2012, Ingram filed an objection to the magistrate judge's report and recommendation (along with an objection to another report, which has since been withdrawn). (Doc. No. 17.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Ingram's only objections to the magistrate judge's report and recommendation on his *in forma pauperis* application are that he believed the magistrate judge had given him seven days to respond in addition to the fourteen days he believed he was entitled, and he did not realize that the magistrate judge could order him to respond within seven days. See (Doc. No. 17, at 4–5.) Ingram's objections are meritless: the magistrate judge's order was perfectly clear, and Ingram was obligated to comply with that order. (Doc. No. 9, at 2) ("It is, therefore, ORDERED that Defendant Lawrence Ingram file a written description with this Court, within seven (7) days of being served with this order . . . ."). Furthermore, the Court independently finds that Ingram's motions to proceed *in forma pauperis* should be denied. Ingram's most recent motion (Doc. No. 14) states that he has a monthly income of $1,790.00, of which $1,100 is spent on an automobile lease. In light of his monthly income and ability to afford $1,100 a month on an automobile lease,

the Court finds that Ingram is financially able to pay the $350 filing fee necessitated by his removal of this action.

It is **ORDERED** that Ingram's objections (Doc. No. 17, at 4–5) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 11) is **ADOPTED**; and Ingram's motions to proceed *in forma pauperis* (Doc. Nos. 2, 14) are **DENIED.**

**Ingram is ORDERED to pay the $350.00 filing fee within fourteen (14) days from the date of this order.**

So **ORDERED** and **SIGNED** this **4** day of **March, 2013.**

_____
Ron Clark, United States District Judge